

## METHFESSEL & WERBEL
*A Professional Corporation*

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
EDWARD L. THORNTON*>
FREDRIC PAUL GALLIN*+^
STEPHEN R. KATZMAN#
WILLIAM S.BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>

Of Counsel
JOHN METHFESSEL, SR.>
DONALD L. CROWLEY*+

Counsel
LORI BROWN STERNBACK*+
MARC DEMBLING*+
PAUL J. ENDLER JR.>
GERALD KAPLAN+
JARED P. KINGSLEY*+
STEVEN A. KLUXEN^
JOHN R. KNODEL*+
CHARLES T. MCCOOK, JR. *>
MARTIN R. MCGOWAN, JR.>

Associates
JACQUELINE C. CUOZZO+
EDWARD D DEMBLING>
LEONARD V. DON DIEGO+
MICHAEL R. EATROFF>
TIMOTHY J. FONSECA+
JENNIFER M. HERRMANN^=
MAURICE  JEFFERSON>
JASON JUDOVIN+
MARISSA KEDDIS+
FRANK J. KEENAN+^
LESLIE A. KOCH+
ALLISON M. KOENKE>
VIVIAN LEKKAS+
DANIELLE M. LOZITO+
RICHARD A. NELKE~
RAINA M. PITTS^
MICHAEL POREDA+
CAROLINE  PYRZ^
MATTHEW L. RACHMIEL>
WILLIAM J. RADA+
AMANDA J. SAWYER^
GINA M. STANZIALE>
ADAM S. WEISS<

* Certified by the Supreme Court of
   New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
~Member of NY, NJ & DC Bar
=Member of FL Bar

**Please reply to New Jersey**

November 21, 2011

**VIA E-FILING AND LAWYERS SERVICE TO BOTH**
Honorable Jerome B. Simandle, U.S.D.J.
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza, Room 2040
Camden, NJ 08102-2040

Honorable Karen M. Williams, U.S.M.J.
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza, Room 2040
Camden, NJ 08102-2040

RE:     **LOOSE, KARL VS. NORTH WILDWOOD CITY, ET AL.**
        Our File No.       : 71689A ELH
        Docket No.         : 1:10-CV-06587-JBS-KMW

Dear Judges Simandle and Williams:

We represent the defendant, the City of North Wildwood.  We respectfully submit this letter in lieu of a more formal brief in response to plaintiffs' motion to dismiss without prejudice the claims of plaintiff Karl Loose (Docket No. 22) and plaintiffs' motion for leave to file an Amended Complaint (Docket No. 23).  As both motions seek leave to amend the Complaint and our responses share a common factual basis, we request that the Court accept this correspondence and the enclosed Affidavit with Exhibits in response to both.

While we certainly do not oppose plaintiffs' abandonment with prejudice of their claims under the Law Against Discrimination based on their attorney's implicit acknowledgment that they failed to engage in the interactive process required by the LAD (Docket No 23-2, pp. 1, 3), we do

Methfessel & Werbel, Esqs.
Our File No. 71689 ELH
Page 2

object to the dismissal of Mr. Loose's claims without prejudice, as well as an amendment of the Complaint to add "new dates of violations of the ADA by Defendant on newly constructed curb cuts on Surf Avenue," as this is a transparent effort to circumvent the threshold requirement of constitutional standing which, we intend to demonstrate by way of a dispositive motion following the close of discovery, none of the plaintiffs had at the time this litigation was filed.

Finally, we object to amendment of the Complaint to add a demand for one dollar in damages, as damages are not available under Title II of the Americans with Disabilities Act in the absence of intentional discrimination, which the Complaint does not allege.  Further, there exists no authority to support an award of nominal or symbolic damages in a case under the ADA in the absence of intentional discrimination.

## **FACTUAL BACKGROUND**

Prior to the filing of this lawsuit against City of North Wildwood, plaintiff's counsel filed suit against North Wildwood on behalf of his client Edward Law, a resident of Florida, in the matter of <u>Law and Stoney v. North Wildwood City and Aberdeen Township</u>, Civil Action No. 09-4178 (JHR).  In the Complaint, Mr. Law alleged that North Wildwood violated his rights by failing to provide proper parking, curb cuts and beach access.  (<u>Law</u> Complaint attached as **Exhibit A**)

In December 2010 Mr. Law's claims against the City of North Wildwood were settled on terms memorialized in a Release that Mr. Law signed on January 18, 2011. The Release provided for payment to plaintiff's counsel the sum of $7,500.00 in exchange for a release of all claims and a commitment by the plaintiff to engage in an interactive dialogue to seek an accommodation for any desired access to a program or service of the City of North Wildwood. (Release attached as **Exhibit B**)

Contemporaneous with the settlement of Mr. Law's claim, Mr. Brady filed this lawsuit on behalf of four clients: Mr. Loose, Mr. Hamill Mr. Lasky and "Advocates for Disabled Americans." Citing the soon-to-be-settled <u>Law</u> claims as notice of noncompliance with the ADA, the Complaint filed in this case contains allegations similar to those asserted on behalf of Mr. Law. (Original Complaint, **Exhibit C**)

Mr. Loose has filed more than 100 ADA lawsuits in State and Federal Courts in New Jersey and Florida. In his answers to interrogatories inquiring into his efforts to communicate his access needs to the defendant, he alleges that defendant's attorney refused an offer by his attorney to "show Defendant's counsel its ADA violations." (Interrogatories propounded on Loose and answers, **Exhibit D**)

Plaintiffs Lasky and Hamill responded similarly in their interrogatory answers. (Lasky and Hamill interrogatory answers, **Exhibit E**)

Upon receipt of plaintiffs' initial discovery responses in July 2011, by letter of July 21, 2011 we identified deficiencies and requested supplemental responses. Among other things, the defendant demanded information and documentation regarding plaintiff "Advocates for Disabled Americans" (AFDA), which the Complaint cited as an advocacy organization with representational standing and which plaintiffs' counsel, shortly after the Complaint was filed, identified as an organization which would be conducting its annual meeting in North Wildwood in July 2011. Mr. Brady's letter invited the defendant and their attorney "to attend and discuss your thoughts in regard to the lawsuit." (July 21, 2011 correspondence, **Exhibit F**; Brady January 31, 2011 correspondence, **Exhibit G**)

On August 4, 2011 Mr. Brady supplemented plaintiffs' disclosures with photographs taken at the "AFDA's meeting at the Flip Flopz Restaurant on Saturday, July 16, 2011." (**Exhibit H**)

In response to defendant's repeated efforts to explore the legitimacy of the AFDA and following a conference with Judge Williams on October 17, 2011, the organization opted to abandon its claims. The parties submitted a stipulation of dismissal with prejudice, which Judge Simandle entered on October 24, 2011. (**Exhibit I**)

In Mr. Loose's answers to interrogatories he claimed that he visited the City of North Wildwood on December 11, 2010 and that he planned

to return again in September and October 2011. He provided no further detail regarding his alleged plans to return. (**Exhibit D**, answers to 4 and 5) Similarly, in their interrogatory answers both Lasky and Hamill indicated an intent to attend the AFDA meeting in July 2011 and to visit in the future as "testers". (**Exhibit E**, answers 4 and 5)

Plaintiffs now seek to amend their Complaint to add allegations of subsequent visits to North Wildwood. In particular, the proposed Amended Complaint alleges that newly constructed ramps and curb cuts impaired their access to municipal services. (Docket No. 23-7, pp. 3-5)

In Mr. Loose's Certification in support of the motion to dismiss his claims without prejudice, he alleges that in July 2011 he "became severely ill due to a lung condition" and that he is "getting better but...still not in the best of health." Mr. Loose contends that he is "unable, due to my health, to be in lengthy depositions and litigation." (Loose Certification, paras. 3-5). Mr. Loose does not provide an affidavit from a medical care provider or a description of the limitations on his ability to attend a deposition.

Plaintiffs' counsel, Mr. Brady, has a history of serial litigation against various municipalities sued by his clients. In addition to this litigation being filed contemporaneous with the settlement of the Law v. North Wildwood matter, in Stoney and Vandeusen v. Maple Shade, BUR-L-2884-07, following the dismissal without prejudice of plaintiff Stoney's

claims and entry of judgment following a jury trial with plaintiff Vandeusen, Mr. Brady wrote defense counsel seeking to re-assert Ms. Stoney's claims and to assert a new claim on behalf of Mr. Lasky, demanding additional equitable relief and payment of damages of $2,500.00 per each client. (Orders, Brady letter of November 18, 2010, **Exhibit J**)

Similarly, following the dismissal of Mr. Lasky's lawsuit against the Borough of Hightstown for failure to engage in the interactive process required by the New Jersey Law Against Discrimination, Mr. Brady began sending letters to myself and the municipal solicitor announcing intended visits by Mr. Lasky and another client, Mr. Pavlak – both residents of Florida – in an obvious effort to lay the groundwork for additional litigation. (Order of Summary Judgment; correspondence and e-mails from Mr. Brady, **Exhibit K**)

## LEGAL ARGUMENT

Defendant acknowledges that under Federal Rules of Civil Procedure 15(a)(2) and 41(a), applications to dismiss a Complaint without prejudice and applications for leave to amend a Complaint are committed to the Court's sound discretion. In these circumstances, we ask that the Court exercise its discretion by refusing dismissal without prejudice of Mr. Loose's Complaint because (i) Mr. Loose has presented no medical substantiation or explanation of precisely why he cannot sit

Methfessel & Werbel, Esqs.
Our File No. 71689 ELH
Page 7

for a deposition — which we would be happy to take over the course of numerous days and/or with numerous breaks to accommodate him; (ii) the defendant has a good faith basis to challenge Mr. Loose's constitutional standing as of the time the Complaint was filed and should not be deprived of an opportunity to do so simply to allow him to reinstate the claims in the future based on the manufacturing of standing through a meeting of the since-dismissed "Advocates for Disabled Americans" or through other means; and (iii) the past conduct of plaintiffs and their attorney strongly suggests that Mr. Loose or another client of Mr. Brady will file suit again or, alternately, demand payment of money to forego the filing of the lawsuit.  Having settled in good faith with Mr. Brady's client Mr. Law only to be sued again by three other clients citing the Law litigation as a basis for their claims of notice, the City of North Wildwood should not be subjected to the risk of relitigation of Mr. Loose's claims asserted in this case.

  While we hasten to note that the plaintiffs all deserve their day in Court and that the defendant will need to demonstrate to the Court an absence of standing in order to have their claims dismissed, we respectfully suggest that the circumstances surrounding this lawsuit and other lawsuits filed by these plaintiffs and their attorney militate against permission to dismiss the Complaint without prejudice when the risk of repeat litigation and expense to the defendant appears very high.  This is

especially so in the absence of any demonstration why Mr. Loose cannot sit for a deposition, which the defendant would intend to follow with a dispositive Motion for Summary Judgment based on the absence of Article III standing. We therefore request that the Motion to Dismiss Mr. Loose's Complaint without prejudice be denied and that he be compelled to sit for a deposition or otherwise accept dismissal with prejudice.

With respect to the motion for leave to file an Amended Complaint, as noted above, the defendant does not object to voluntary abandonment — with prejudice — of plaintiffs' claims under the New Jersey Law Against Discrimination. Nor do we object to what appears to be the plaintiff's voluntary abandonment of their demand for damages beyond $1.00 in nominal or symbolic damages. However, we do object to the inclusion of a demand for $1.00 in damages since damages are available under the Americans with Disabilities Act only in the event of intentional discrimination, which the proposed Amended Complaint does not allege. Ferguson v. City of Phoenix, 157 F.3d 668 (9th Cir. 1998). Additionally, there exists no authority supporting an award of nominal or symbolic damages in a Title II case in which the plaintiff does not demonstrate intentional discrimination.

With respect to the request to amend the Complaint to add subsequent alleged ADA violations, the defendant respectfully objects because this is a clear effort to manufacture constitutional standing

Methfessel & Werbel, Esqs.
Our File No. 71689 ELH
Page 9

which did not exist at the time the Complaint was filed. Simply put, the plaintiffs should not be permitted to sue first and manufacture constitutional standing by visiting the defendant municipality later. <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 830, 109 S.Ct. 2218, 2222, 104 L.Ed.2d 893 (1989)("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.")

In closing, North Wildwood recognizes that both of the pending motions are committed to the sound discretion of the Court. We submit that the circumstances surrounding these claims, as well as other claims brought by these and other clients of plaintiff's counsel, militate against the granting of a motion for leave to dismiss without prejudice the claims of one plaintiff or the granting of leave to file an amended pleading asserting subsequent ADA violations by the others.

                                                Respectfully submitted,
                                                **METHFESSEL & WERBEL, ESQS.**

                                                Eric L. Harrison
                                                harrison@methwerb.com
                                                Ext. 138

ELH:jzm./
Encl. (Exhibits A-K)

cc:    **VIA E-FILING**
       Anthony J. Brady, Jr., Esq.
       1 Rose Avenue
       Maple Shade, NJ 08052