# EXHIBIT  A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD LAW;<br>CARMENA STONEY;<br>ADVOCATES FOR DISABLED<br>AMERICANS (AFDA),<br><br>   Plaintiffs,<br><br>vs.<br><br>NORTH WILDWOOD CITY;<br>ABERDEEN TOWNSHIP,<br><br>   Defendants. | : CASE NO.<br>:<br>:<br>:   Civil Action<br>:<br>:<br>:<br>:<br>:<br>: 'PLAINTIFFS' COMPLAINT<br>:<br>:<br>: |

Plaintiffs, Edward Law residing at 2612 Burwood Avenue, Orlando, Orange County,

Florida 32837; Carmena Stoney residing at 1240 Imlertown Road, Bedford, Pennsylvania 15522;

and, Advocates For Disabled Americans (AFDA) doing business in Camden County, New

Jersey, by way of complaint against the Defendants states:

### JURISDICTION

1.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiffs allege a

  violation of federal law, the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101,

  et seq..

### PARTIES

2.  Plaintiff Law is disabled and uses a wheelchair.  Plaintiff Law is originally from

  Philadelphia, Pennsylvania and is a frequent visitor to Defendant North Wildwood City.

3.  Plaintiff Stoney is disabled and uses a cane and scooter.  She is a homeowner in

  Defendant Aberdeen Township, New Jersey.

Case 1:09-cv-041 JHR-KMW Document Filed 08/ 2009 Page 2 of 4

4.  Plaintiff AFDA is a civil rights organization whose goal, in part, is to enforce the rights of the disabled.

5.  Defendant North Wildwood City is a municipality and an ADA Title II entity located in New Jersey.

6.  Defendant Aberdeen Township is a municipality and an ADA Title II entity located in New Jersey.

## FIRST COUNT

7.  Plaintiff Law has been a patron of Defendant North Wildwood City's services including their parking and beach.

8.  Plaintiff Law's ability to utilize same was greatly impaired in that the Defendant does not provide proper parking at Defendant's parking lot on Old New Jersey Avenue, does not have proper curb cuts for the disabled, and the access route to the beach is not maintained rendering it impossible for the disabled to reach the beach.

9.  Defendant is a municipality located in Cape May County and is a public entity under the federal Americans With Disabilities Act (ADA) and the New Jersey Law Against Discrimination (LAD).

10. The lack of accessibility to Plaintiff and the disabled is a violation of the ADA and LAD.

11. Plaintiff Law intends to return to the Defendant's services both as a patron and a tester.

12. As a result Plaintiff Law sustained anger and emotional distress.

13. Plaintiff Law reserves the right to amend as discovery progresses.

14. Defendant was previously sued for ADA violations under Case No. 1:95-cv-01373-JEI in the United States District Court – District of New Jersey.

    WHEREFORE, Plaintiff Law demands judgment for:

2

1)      Injunctive relief.

2)      Damages.

3)      Attorney fees.

4)      Costs of suit.

## SECOND COUNT

15.   Plaintiff Stoney repeats the allegations of the first count.

16.   Plaintiff Stoney has been a patron of Defendant's City Hall and parking.  Her ability to
utilize the services of the Defendant has been impaired on account of her disability.

17.   Specifically, the parks do not have proper access routes, parking and bathrooms.  In
addition, the City Hall does not have proper access, etc.

18.   Plaintiff Stoney reserves the right to amend as discovery progresses.

19.   The lack of access is a violation of the LAD and ADA.

20.   This lack of access is outrageous in that in a previous lawsuit Defendant agreed to make
its services and said facilities accessible.

21.   Plaintiff intends to return to said services both as a patron and a tester.

22.   As a result Plaintiff Stoney sustained anger and emotional distress.

WHEREFORE, Plaintiff Stoney demands judgment for:

1)      Injunctive relief.

2)      Damages, including punitive.

3)      Attorney fees.

4)      Costs of suit.

## THIRD COUNT

23.   Plaintiff AFDA repeats the allegations of the first and second counts.

3

24.     In its own right Plaintiff AFDA has standing to prosecute this matter.

WHEREFORE, Plaintiff AFDA demands judgment for:

1)    Injunctive relief.

2)    Damages.

3)    Attorney fees.

4)    Costs of suit.

PLAINTIFFS DEMAND A TRIAL BY JURY IN REGARD TO DAMAGES.

Dated:   April 14, 2009

s/Anthony J. Brady, Jr.
ANTHONY J. BRADY, JR., ESQUIRE
1 Rose Avenue
P O Box 129
Maple Shade, New Jersey 08052
(856) 662-5234
Email: ladbrady@gmail.com
Attorney for Plaintiffs

4

EXHIBIT  B

## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement ("Release") dated _/ — / 8_, 2011 is given

      **BY** the Releasor, Edward Law

            referred hereafter to as "I",

      **TO** Releasee, the City of North Wildwood,

            referred to as "You".

If more than one person signs this Release, "I" shall mean each person who signs this Release.

1. **Release**. I release and give up any and all claims and rights which I may have against You. This Release releases all claims, including those of which I am not aware, and those not mentioned in this Release that have accrued against You by the date of this Release. This Release applies to claims resulting from anything that has happened up to now. While I release all claims I have against You, I specifically identify the following claims to which this Release supplies:

        Any and all claims which were or could have been asserted in the United States District Court for the District of New Jersey, Camden Vicinage matter entitled <u>Edward Law, et al. v. The City of North Wildwood, et al.</u>, Civil Action No.: 1:09-CV-04178 (JHR-KMW).

2. **Consideration**. In consideration for this Release, You have agreed:

        A.     If I ever require assistance in order to access any building, facility or service owned or operated by the City of North Wildwood, I will provide a timely and reasonable request for such assistance by contacting the City Administrator, who will promptly employ reasonable efforts to provide me with assistance and/or accommodations as necessary, including but not limited to reassignment of services to accessible buildings, assignment of an aide, delivery of services at alternate accessible sites, use of accessible rolling stock or other conveyances, or any other methods that result in You making your services, programs, or activities readily accessible to and usable by me. I understand that You are not required to make structural changes in existing facilities where other methods are effective in achieving compliance with this section.

        B.     To pay my attorney, Anthony Brady, the sum of seven thousand five hundred dollars ($7,500) towards attorney fees incurred in the prosecution of all prior lawsuits against You.

3. **Dismissal of Lawsuit**.   I agree to dismissal of the matter of <u>Edward Law, et al. v. The City of North Wildwood, et al.</u>, Civil Action No.: 1:09-CV-04178 (JHR-KMW). I will take whatever actions may be necessary to ensure the dismissal with prejudice of this lawsuit.

In addition, I agree that I will not seek anything further from You in the form of damages arising out of past lack of access or any further equitable relief from You in the form of alterations to any currently existing beach, parking lot, building, service or facility of the City of North Wildwood.

4. **Prior Notice Before Filing Further Litigation**. If at any time in the future I encounter difficulty with access to any beach, parking lot, building, service or facility owned by the City of North Wildwood, or if I come to believe that the City of North Wildwood is in violation of state or federal law governing accessibility for the disabled, before filing suit I will (i) request assistance as required at paragraphs 2(a) above; and (ii) if I am dissatisfied with the response to my request for assistance, provide written notice to the City of North Wildwood Administrator of my precise concerns. Further, before filing litigation, I agree to attend an in-person meeting within the City Administrator where I will give the City a fair opportunity to address my accessibility concerns before I file a lawsuit. I agree not to file suit until 60 days after the date of our in-person meeting, and only after a good faith determination at the end of such 60 day period that my concerns have not been properly addressed and that the City of North Wildwood is in violation of the law.

5. **Who is Bound**. I am bound by this Release. Anyone who succeeds to my rights and responsibilities, such as my heirs or the executor of my estate, is also bound. This Release is made for your benefit and all who succeed to your rights and responsibilities, such as your heirs or the executor of your estate.

6. **No Admission of Liability**. It is agreed and acknowledged by both parties that this Release does not constitute an admission of liability by either party. Rather, it represents an amicable compromise of a dispute between those parties.

7. **Settlement Subject to Approval of Governing Body**. I understand that this agreement will not be binding unless and until it is formally approved by the governing body of the City of North Wildwood.

8. **Signatures**.    I understand and agree to the terms of this Release. If this Release is made by a corporation its appropriate corporate officers will sign said Release and its corporate seal is affixed.

**IN WITNESS WHEREOF**, and intending to be legally bound, Edward Law has executed this Release and settlement agreement as of the date set forth below.

By:  Edward Law

Dated:  _1-18-2011_
       (Seal)

State of Florida, county of Orange, EDWARD LAW, personally came before and acknowledged under oath & signed before me.

WILLIAM R. GONZALEZ
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE019457
Expires 8/22/2014

STATE OF ~~NEW JERSEY~~ *Florida*, COUNTY OF *Orange* : SS.:

I CERTIFY that on the *18* day of *Jan* 2011, Edward Law personally came before me and acknowledged under oath, to my satisfaction, that this person;

    (a)  is named in and personally signed this document; and
    (b)  signed, sealed and delivered this document as his or her act and deed.

(Notary Public)
(Raised Seal)

Sworn to and subscribed before me
this *18* day of *January*
2011.

WILLIAM R. GONZALEZ
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE019457
Expires 8/22/2014

EXHIBIT  C

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KARL LOOSE; | : | CASE NO. |
| THOMAS HAMILL; | : | |
| GREGORY LASKY; | : | |
| ADVOCATES FOR DISABLED | : | Civil Action |
| AMERICANS (AFDA); | : | |
| | : | |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| NORTH WILDWOOD CITY; | : | **PLAINTIFFS' COMPLAINT** |
| JOHN DOE(S), fictitious names of | : | |
| Defendants A thru Z, | : | |
| | : | |
| Defendant(s). | : | |

Plaintiffs, Karl Loose residing at 4327 Manor Avenue, Pennsauken, New Jersey 08109; Thomas Hamill residing at 1702 Lincoln Drive, Voorhees, New Jersey 08043; Gregory Lasky residing at 3350 East Greenview Terrace, Margate, Broward County, Florida 33063; and, Advocates For Disabled Americans (AFDA) doing business in Camden County, New Jersey, by way of complaint against the Defendant states:

## JURISDICTION

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiffs allege a violation of the Americans With Disabilities Act (ADA) and the Rehabilitation Act of 1973.

## PARTIES

2. Plaintiff Loose is a disabled man who uses a wheelchair. Plaintiff Loose is a frequent visitor of the Jersey shore including North Wildwood, having last attempted to utilize the

services of the Defendant on December 11, 2010. Plaintiff Loose is in the Pennsauken Township High School's Hall of Fame.

3.  Plaintiff Hamill is disabled and uses a wheelchair. Mr. Hamill is very active in charities and was a member of the New Jersey and Pennsylvania Bars after serving as a law clerk to a United States District Judge. His is a frequent visitor of the Jersey shore including North Wildwood on December 14, 2010.

4.  Plaintiff Lasky is disabled and uses a wheelchair. Prior to his injury rendering him disabled Plaintiff Lasky was honored for his work as a fire fighter. Plaintiff Lasky last attempted to utilize the services of the Defendant on December 5, 2010.

5.  Plaintiff AFDA is a civil rights organization whose goal in part is to enforce the rights of the disabled.

6.  Defendant North Wildwood City is a municipality located in Cape May County, New Jersey. Said Defendant has been the subject of previous lawsuits involving violations of the access laws to the disabled; Caruso v. North Wildwood, U.S.D.C. New Jersey, 1:95-cv-01373-JEI; and Edward Law; Carmena Stoney v. North Wildwood City, Aberdeen Township, Case No. 1:09-cv-04178-JHR-KMW.

NOTICE

7.  Defendant was made aware of the violations of access to the beaches and bathrooms by expert reports served upon Defendant's Counsel Eric Harrison in regard to the case of Edward Law; Carmena Stoney v. North Wildwood City, Aberdeen Township, Case No. 1:09-cv-04178-JHR-KMW. Defendant was made aware of its new construction violations of curb cuts and sidewalks by the expert report of William B. Cody. The Defendant's Counsel Mr. Harrison also declined an invitation to be shown the said access violations

placing a condition only if the disabled individual was to be present. Consequently, Defendant had, at best, constructive notice of Defendant's violations prior to suit being filed.

In addition, the engineer has testified that he is not familiar with the applicable access codes.

## FIRST COUNT

8. Plaintiffs have been patrons of the Defendant North Wildwood City's services including Plaintiff Loose on December 11, 2010, Plaintiff Hamill on December 14, 2010 and Plaintiff Lasky on December 5, 2010.

9. The uses of the Defendant's services were impaired as a lack of access to them and the disabled as a whole. Specifically, the new constructed sand dune ramps at J.F.K. Boulevard do not have an accessible route to the bathrooms at J.F.K. Boulevard and are not accessible. In regard to curb cuts the Plaintiffs' ability to utilize same was impaired in that they are constructed with excessive slopes, have a lack of level landing as well as improper thresholds. These curb cuts include the following streets; New York, New Jersey, Atlantic, Central, Surf Avenues and J.F.K. Boulevard.

10. The vast majority of said curb cuts are newly constructed.

11. The Defendant has recently constructed a sidewalk on Surf Avenue that has altered cross slopes.

12. Upon information and belief the Defendant receives funding from the United States of America for the above mentioned discrimination..

13. Plaintiff Lasky made a telephone call to Defendant for assistance prior to filing suit. Said telephone call was not returned.

3

14. This lack of access to Plaintiffs is a violation of the New Jersey Law Against Discrimination (LAD) including its regulations N.J.A.C. 13:13-4.1; Title II of the ADA and the Rehabilitation Act of 1973.

15. The Plaintiffs intend to return to the services and programs as both patrons and testers. Indeed, the AFDA will have a meeting in North Wildwood in the summer of 2011.

16. In addition, Plaintiff Loose on December 11, 2010 attempted to utilize the Albert Allen Park but due to the lack of accessible parking, routes, bathrooms and services, his ability to utilize same was impaired.

17. As a result the Plaintiffs sustained emotional distress and anger.

18. Plaintiffs reserve the right to amend its allegations as discovery progresses.

WHEREFORE, Plaintiffs demand judgment for:

1) Damages, including punitive for Defendant's intentional conduct and the LAD.

2) Nominal damages under the Rehabilitation Act and Title II of the ADA.

3) Injunctive relief.

4) Attorney fees.

5) Costs of suit.

## SECOND COUNT

19. Plaintiff AFDA repeats the allegations of the first count.

20. Plaintiff AFDA has standing in its own right to prosecute this matter in that in its own members have standing and have sustained damages.

WHEREFORE, Plaintiff AFDA demands judgment for:

1) Injunctive relief.

2) Damages.

4

3)      Attorney fees.

4)      Costs of suit.

THIRD COUNT

21.    Plaintiffs repeat the allegations of the first and second counts.

22.    Defendants John Doe(s) fictitious names of Defendants A thru Z are other government and private entities who are responsible for the aforementioned discrimination and are the architects, contractors, and engineers who aided and/or abetted the aforementioned discrimination.

WHEREFORE Plaintiffs demand judgment for:

1)      Damages, including punitive for Defendant's intentional conduct.

2)      Nominal damages under the Rehabilitation Act and Title II of the ADA and the LAD.

3)      Injunctive relief.

4)      Attorney fees.

5)      Costs of suit.

Dated: December 16, 2010        s/Anthony J. Brady, Jr.

                                    ANTHONY J. BRADY, JR., ESQUIRE
                                    1 Rose Avenue
                                    P O Box 129
                                    Maple Shade, New Jersey 08052
                                    (856) 662-5234
                                    Email: ladbrady@gmail.com
                                    Attorney for Plaintiffs

**JS 44** (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Karl Loose; Thomas Hamill, Gregory Lasky; Advocates For Disabled Americans (AFDA),

**(b)** County of Residence of First Listed Plaintiff    Camden

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Anthony J. Brady, Jr, Esquire, 1 Rose Avenue, Maple Shade, NJ 08052; (856) 662-5234; ladbrady@gmail.com

## DEFENDANTS

North Wildwood City; John Doe(s) fictitious names of Defendants A thru Z,

County of Residence of First Listed Defendant    Cape May

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☒ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence

**Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 12101 et seq.

Brief description of cause:
ADA

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _$100000_ _injunctive relief_

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S)

(See instructions):

JUDGE  _Rodriguez_  Robert Kugler

DOCKET NUMBER  1:09-cv-04178

Explanation:  _Rev 16, 2010_

DATE  _Rev 16, 2010_

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07, NJ 1/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

EXHIBIT  D

METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for North Wildwood City
Our File No.  71689a ELH

| | |
|---|---|
| KARL LOOSE; THOMAS HAMILL; GREGORY LASKY; ADVOCATES FOR DISABLED AMERICANS (AFDA)<br><br>        Plaintiffs,<br><br>V.<br><br>NORTH WILDWOOD CITY; JOHN DOE(S) FICTITIOUS NAMES OF DEFENDANTS A THRU Z<br><br>        Defendants. | UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY, CAMDEN<br><br>CIVIL ACTION NO.: 1:10-CV-06587-JBS-KMW<br><br>**DEFENDANT'S FIRST SET OF SUPPLEMENTAL INTERROGATORIES ON PLAINTIFF LOOSE** |

## INTERROGATORIES ON KARL LOOSE

1.      Please provide your current address and each address where you have lived for the past twenty years, noting the period of time during which you lived at each address.

2.      Describe every visit you have made to the City of North Wildwood over the past 10 years and provide a description of precisely which buildings, facilities or other services you were unable to access.  For each visit, please provide the names and addresses of all witnesses whom accompanied you.

3.      With respect to each visit described in response to the preceding interrogatory, describe in detail your efforts, if any, to relay your difficulties to the municipality or to request assistance prior to filing this lawsuit.  For example, if you contend that you called the municipality prior to accessing its services, please provide: date of call, exact time of

call, to whom you spoke or prompt on which a voicemail message was left, exact nature of message, the name and address of any witness to your call and length of time waited by you for a response prior to leaving the facility/service for which you attempted to access.

4.    With respect to each visit described in response to Interrogatory No. Two (2), please detail the reasoning/purpose of your visit to each specific facility.   For each response, please indicate whether your presence in the City of North Wildwood was related to AFDA business. Please detail said business.

5    Describe in detail any and all plans, if any, you have to return to the City of North Wildwood, where you intend to stay and what municipal buildings, facilities, and/or services you wish to access and your purpose for accessing such facilities and services.

6.    Please provide, in chronological order, the name, venue and docket number of any every lawsuit or administrative complaint to which you have been a party over the past 20 years.  With respect to each lawsuit or complaint listed, describe in detail the outcome of the lawsuit, including the terms of any settlement reached and/or judgment entered.   Your description should include all monetary amounts paid to you, any other plaintiff involved in the case and all equitable relief awarded or provided voluntarily by the defendant.

7.    Describe in chronological order and by date each time you have been a patron of North Wildwood's services, identifying with respect to each date of the services of which you were a patron.

8.    With respect to each visit to North Wildwood, describe in specific detail how your ability to utilize the services was impaired.

9.    Prior to initiating this litigation, have you ever specifically contacted the City's ADA Coordinator to discuss access related issues and/or request assistance to the City's services you contend are inaccessible?

10.    Have you ever attempted to access North Wildwood's front beaches with use of a balloon wheelchair or assistance from Beach Patrol transportation onto the beach?  If so, please describe, in chronological order and providing dates, each such attempt and precisely what occurred.

11.    Please describe all communication had between yourself and Edward Law regarding the latter's previous lawsuit against the City, his allegations of inaccessibility and your testing of said facilities and

services.   Please   provide   the   date,   time   and   method   of   your communication, as well as the date and time of your related visit to the City.

12.     Have you ever visited the City of North Wildwood website to view a listing of accommodations available for the disabled?   If not, please explain why not.  If so, please describe all efforts you took to obtain an accommodation and the outcome of your efforts.

13.     Describe in detail your intentions to "return to defendant's services both as a patron and a tester."

14.     Describe in detail the "anger and emotional distress" you have experienced as a result of lack of accessibility you experienced to North Wildwood's services.

15.     Provide   the   names   and   addresses   of   all   medical   or   other professionals with whom you have consulted or treated over the past 10 years for anger or emotional distress.

16.     Describe in detail the "violations of access laws to the disabled" for which North Wildwood was previously sued as described at Paragraph 6 of   the   Complaint.     Provide   copies   of   all   pleadings,   discovery   and settlement agreements relating to such lawsuits.

17.     Do you contend that North Wildwood violated the terms of any order or settlement agreement relating to the prior lawsuits described at Paragraph 6 of the Complaint?   If so, describe in detail the claimed violations.

18.     Describe in detail the injunctive relief you are seeking, including within your description the precise locations and services at issue and the precise relief you seek with respect to each of such services.

19.     Describe the basis for your claim for damages.

20.     Have you ever requested assistance from a municipal employee or any other representative of North Wildwood in obtaining access to any of the services to which you claim lack of access or impaired access?  If so please provide a description of such request and the outcome of such request.  If not, please explain why not.

21.     Describe in specific detail your efforts to access the City's facilities and services on December 11, 2011.  Include in said description the name and addresses of all witnesses to your efforts.

22.    State the names and addresses of all persons who have knowledge of any facts relating to the case.  With respect to each person, describe his or her relevant knowledge.

23.    Describe in specific detail your efforts to access Albert Allen Park and related efforts to access (a) accessible parking, (b) routes, (c) bathrooms and (4) services.

24.    If any photographs, videotapes, audiotapes, or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the subject matter of the complaint, describe;

     (a) The number of each;

     (b) What each shows or contains;

     (c) The date taken or made;

     (d) The names and addresses of the persons who made them;

     (e) In whose possession they are at present; and

     (f) If in your possession, attach a copy, or if not subject to convenient copying, state the location where inspection and copying may take place.

25.    If you or your representative and the defendant have had any oral communication concerning the subject matter of this lawsuit, state:

     (a) The date of the communication;

     (b) The name and address of each participant;

     (c) The name and address of each person present at the time of such communication;

     (d) Where such communication took place;

     (e) A summary of what was said by each party participating in the communication.

**CERTIFICATION**

I hereby certify that the foregoing Answers to Interrogatories made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I hereby certify that the copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said doctors or such experts, either written or oral, are unknown to us, and if such become later available or known, our attorney shall serve them promptly on the propounding party.


DATED:                   _____
                         Karl Loose

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KARL LOOSE;                              : CASE NO. 1:10-CV-06587-JBS-KMW
THOMAS HAMILL;                           :
GREGORY LASKY;                           :
ADVOCATES FOR DISABLED                   :       Civil Action
AMERICANS (AFDA);                        :
                                         :
          Plaintiffs,                    :
     vs.                                 :
                                         :
NORTH WILDWOOD CITY;                     : **PLAINTIFF KARL LOOSE'S**
JOHN DOE(S), fictitious names of         : **ANSWERS TO DEFENDANT'S**
Defendants A thru Z,                     : **INTERROGATORIES**
                                         :
          Defendant(s).                  :

1.  Karl Loose, 4327 Manor Avenue, Pennsauken, New Jersey; lived at this address for sixty years.

2.  Visited Wildwood numerous times during past ten years with various people.  Unable to access beaches or use bathroom facilities.  Do not remember dates.

3.  Did not contact anyone from municipality as most visits were on weekends or evenings.

4.  Last visit was December 11, 2010 purpose being a visit to the ocean, beaches, sightseeing, atmosphere, fresh air, peaceful setting, and dinner.  Will return again in September and October, 2011.

5.  I plan to visit North Wildwood again.  At this time I cannot state if I will be an overnight guest, tourist or visitor for a day trip or on what dates.  Spontaneity is part of my lifestyle just like any non-disabled individual.  I anticipate accessing the beach, boardwalk, curb cuts, sidewalks, bathroom facilities, Allen Memorial Park and other city services as I see fit to.

6.  See attached lists.

7.  See answer to question 2.

8.  See answer to question 2.

9.  No.

10.   No.

11.   None.

12.   No.

13.   See answer to question 5.

14.   Answer as a result of what I experienced on my previous visits, anger that these conditions continue 20 years after the signing of the Americans With Disabilities Act (ADA), anger that I cannot enjoy the same services as the majority of people can, anger that this matter has to be settled by the court, and anger that this particular issue continues to this day. My emotional distress is a result of the just mentioned anger.

15.   None.

16.   My understanding is Mr. Law sued for curb cuts and access to beaches and parking. Said problems still exist. I do not have copies of the pleadings.

17.   Do not know but I do know that even after Mr. Law's lawsuit the services are still not accessible.

18.   I am seeking accessible curb cuts, access to the beach, sidewalks, parking, and access to Allen Memorial Park.

19.   My understanding is I am entitled to 1 dollar for civil rights violations under federal law and damages under the LAD; though I do not know as I am not an attorney.

20.   No, however, my attorney attempted to show Defendant's counsel its ADA violations but this was rejected.

21.   Attempted to use a Port a Pot bathroom facility provided for public use on Kennedy Blvd beach. Unable to visit public beach due to ramp not providing access. Felt unsafe using various curb cuts throughout area. See answer to question 23.

22.   Eric Harrison – Defendant's counsel who rejected Plaintiffs' counsel's attempts to show the Defendant's access violations.
      Flora Loose, my wife, who has knowledge of my disability, traveled to North Wildwood with me, and knowledge of the lack of access to me.
      William B. Cody, expert.

23.  Parked near Delaware Avenue.  Spot misleading as it appeared to be a dedicated disabled parking spot but without proper signage.  Accessed Allen Memorial park via curb cuts at Delaware Avenue.  Unable to use Port a Pot facility due to non-access, could not enter, sit, and enjoy gazebo due to a step, and picnic table off limits to me due to it not having a wheelchair accessible seating area.

24.  Will be provided in Mr. Cody's report.

25.  It is my understanding that Mr. Harrison declined to be shown Defendant's ADA violations prior to suit.

## KARL LOOSE and/or KARL LOOSE/AFDA CASES
## NEW JERSEY STATE COURTS

| Superior Court of New Jersey – Atlantic County | Case No. | Status |
|---|---|---|
| David M. Rizzotte/BurgerKing Hammonton | ATL-C-182-02 | Dismissed with prejudice |
| Advocates For Disabled Americans (AFDA) v. Brigantine City | ATL-C-141-05 | Settled |
| Gardner's Basin, et al. | ATL-C-159-05 | Settled; $11,000.00 |
| Simon Property Group Inc. d/b/a Hamilton Mall | ATL-L-7832-05 | Settled; confidential |
| Borgata Hotel Casino et al. | ATL-L-7833-05 | Dismissed; not settled |
| South Jersey Transportation Authority | ATL-L2564-07 | Dismissed; not settled |
| South Jersey Transportation Authority | ATL-L-329-10 | Active |
| | | |
| Superior Court of New Jersey – Camden County | Docket Number | |
| Patamike, Inc. d/b/a Jay's Elbow Room | CAM-L-004748-01 | Settled; $2,200 and injunctive relief |
| Barracks Trading Post | CAM-L-1323-01 | Settled |
| Camera Sound and Computers | CAM-L-1147-01 | Dismissed without prejudice |
| Newhan Properties and Management Corporation and Center Stage Tickets | CAM-L-974-01 | Dismissed with prejudice |
| Circuit City Stores, Inc. | CAM-L-1591-01 | Settled; confidential |
| Gift World, K. C. Lee | CAM-L-001334-01 | Settled; $1,000; injunctive relief |
| Monroe Land Investments, Mechanics Auto Parts, Inc. | CAM-L-1937-01 | Settled; $2,750; injunctive relief |
| CVS Pharmacy Store 317-1820, CVS Pharmacy, Inc. | CAM-L-2491-01 | $2,200; injunctive relief |
| Don Pablo's Operating Group | CAM-L-4847-01 | Settled; confidential |
| Evergreen Mt. Laurel | CAM-L-2009-01 | Settled; $25K; injunctive relief |
| Pier 1 Imports of New Jersey, Inc. | CAM-L-3491-01 | Settled; confidential |
| The Record Shop, Richard Rosen | CAM-L-1034-01 | $1,500.00; injunctive relief |
| Collision Max of Pennsauken, Pennsauken Realty, Inc. | CAM-L-1088-03 | $3,000; injunctive relief |
| Finnaren & Haley, Incorp.; Mallon & Hunter/Trust | CAM-L-1092-03 | Settled; confidential |
| FleetBoston Financial Corporation d/b/a Fleet Bank | CAM-L-1467-03 | Settled; confidential |
| Bayberry Inn, Carlton & Corinne Kurica | CAM-L-7238-02 | Settled; confidential |
| Pathmark Stores, Inc. | CAM-L-981-03 | Settled; confidential |
| NJ Division of Motor Vehicles, et al. | CAM-L-1893-03 | Settled |
| Wendy's Old Fashioned Hamburgers, Briad Wenco, L.L.C. | CAM- L-8460-01 | Dismissed with prejudice |
| Wendy's Old Fashioned Hamburgers, Briad Wenco, L.L.C. | CAM-L-3016-03 | Settled; $3,500.00 |
| Champps Entertainment, Inc., et al. | CAM-L-3437-03 | Settled; confidential |
| Cracker Barrel Old Country Store, Inc. | CAM-L-4663-04 | Settled; confidential |
| Robertson Enterprises, Inc.; Wicker | CAM-L-8829-05 | Settled; confidential |

| | | |
|---|---|---|
| Dynasty | | |
| Outback Steakhouse owned by Outback Steakhouse of Florida, Inc. | CAM-L-8512-05 | Settled; confidential |
| Borgata Hotel Casino, et al. | CAM-L-1264-09 | Dismissed |
| PR 8000 Nat'l Highway, LP/Sears | CAM-L-8828-05 | Settled; confidential |
| Wachovia Properties, Inc/First Union/Wachovia Corp. | CAM-L-8094-06 | Settled; confidential |
| NJEC Associates LLC/Eckerd | CAM-L-1654-07 | Dismissed with prejudice |
| Cherry Hill Prop. 1, 2, 3, LLC | CAM-C-132-07 | Settled; confidential |
| Deauville Inn et al | CAM-L-2405-07 | Settled; confidential |
| Turnberry Associates | CAM-L-5526-07 | Dismissed with prejudice |
| State of NJ; NJ Transit Corp. | CAM-L-5162-06 | Settled; confidential |
| East Gate EGS TIC; II; III; V; VI | CAM-L-4423-09 | Dismissed |
| 6000 Midlantic Drive Associates, et al. | CAM-L-3207-08 | Settled |
| GMRI – Bahama Breeze | CAM-L-1725-10 | Active |
| Bay Village, Inc. | CAM-L-4088-10 | Active – transferred Fed.Ct. |
| Dbay Partners, L.L.C. d/b/a Harpoon Henry's Restaurant | CAM-L-5475-10 | Active |
| | | |
| **Superior Court of New Jersey – Burlington County** | | |
| United Jersey Plaza, Norman & Elaine Shabel, John Doe(s) | BUR-C-000025-01 | Settled; $450; injunctive relief |
| Pirates Inn, Inc. | BUR-C-000010-01 | Settled; confidential |
| Hooters Restaurant a/k/a Hooters Incorporated; Maple Real Estate Ventures, LLC | BUR-L-1947-02 | Settled; confidential |
| M.S. Wings, LLC d/b/a Hooters Incorporated and Maple Shade Property, LLC; PHD Construction Corp. | BUR-L-931-06 | Settled; confidential |
| Cave Holdings-Flying W, L.L.C. d/b/a Avion Restaurant | BUR-L-980-06 | Settled |
| Richard Alaimo/CVS | BUR-L-922-07 | Settled; confidential |
| Charlie Browns | BUR-L-3822-08 | Dismissed without prejudice |
| Patamike, Inc. d/b/a Jay's Elbow Room | BUR-L-924-07 | Settled; $2,500.00; injunctive relief |
| | | |
| **Superior Court of New Jersey – Ocean County** | | |
| Barnegat Light Borough | OCN-C-214-02 | Settled; $20,000.00 |
| North Shore Inn, Alexander and Christine Craig | OCN- C-326-02 | Settled; injunctive relief; confidential |
| | | |
| **Superior Court of New Jersey – Monmouth County** | | |
| Advocates For Disabled Americans (AFDA) v. Belmar Borough | MON-C-303-05 | Settled; injunctive relief; $11,500.00 |

| **Superior Court of New Jersey – Cape May County** | | |
|---|---|---|
| Upper Township in Cape May County | CPM-L-717-06 | Settled; injunctive relief; $10,000.00 |
| | | |
| **Superior Court of New Jersey – Cumberland County** | | |
| Hammonton Square Associates, LP | C-27-02 | Dismissed with prejudice |
| | | |
| **Circuit Courts – Florida** | **Docket No.** | |
| Advocates For Disabled Americans v. Pizza Hut | CAM01-2 | Dismissed with prejudice |
| Sunset Plaza, Inc., Benny Hamuy | CAK01-787 | Dismissed with prejudice |
| The Shell Man, Inc., Lawrence and Louise Wade | CAP01-479 | Dismissed with prejudice |
| Rewards Hotel Management Company, LLC | CAM03-111 | Dismissed with prejudice |
| Marathon Paradise, Inc. a/k/a Island Tiki Bar & Restaurant | CAM02-246 | Settled; confidential |
| The Quay d/b/a Dimitris Linardatos | CAM03-116 | Settled; confidential |

# KARL LOOSE
## UNITED STATES DISTRICT COURT CASES

| Name of Case | Case Number | Status |
|---|---|---|
| **Florida – Southern District** | | |
| Rewards Hotel | 4:05-cv-10002 | Settled; confidential |
| The Wreck, Inc. | 4:03-cv-10016 | Settled, $3,100.00 |
| Monroe County | 4:03-cv-10019 | Settled; $5,000.00 |
| City of Key West | 4:03-cv-10022 | Settled; $75,000.00 |
| Key Colony Inn, Inc. | 4:03-cv-10025 | Settled; $3,000.00 |
| Hawk's Cay | 4:05-cv-10037 | Settled; confidential |
| Sunset Plaza, Inc. | 4:03-cv-10049 | Dismissed with prejudice |
| Neptune Designs | 4:00-cv-10081 | Dismissed with prejudice |
| 7-Mile Grill | 4:02-cv-10081 | Settled; $1,400.00 |
| Key West Style | 4:00-cv-10082 | Dismissed with prejudice |
| Hot Hats, Inc. | 4:00-cv-10083 | Settled; $750.00 |
| Sunset Plaza, Inc. | 4:02-cv-10084 | Dismissed with prejudice |
| Eye Eye Eye, Inc. | 4:00-cv-10085 | Dismissed with prejudice |
| Fletcher on Duval | 4:00-cv-10086 | Dismissed with prejudice |
| Monroe County | 4:00-cv-10096 | $5,000; injunctive relief |
| City of Key West | 4:00-cv-10097 | $75,000; injunctive relief |
| Tikal Trading | 4:00-cv-10099 | $1,200; injunctive relief |
| Ernest's Café Co. | 4:00-cv-10100 | Settled; $2,150.00 |
| Key Largo Management | 4:05-cv-10100 | Settled; confidential |
| Abaco Gold Uptown | 4:00-cv-10101 | Dismissed with prejudice |
| Martha's | 4:00-cv-10102 | $1,500; injunctive relief |
| SH Marathon Ltd | 4:00-cv-10116 | Dismissed with prejudice |
| Key Largo Management | 4:05-cv-10137 | Settled; confidential |
| Ancon Management | 0:03-61315 | Settled; confidential |
| Deerfield Beach | 0:03-61775 | Settled; $50,000.00 |
| | | |
| **Florida – Middle District** | | |
| Coquina on the Beach | 8:03-cv-02215 | Settled; confidential |
| Lido Development | 8:03-cv-02221 | Settled; confidential |
| Limetree Beach Resort | 8:03-cv-02222 | Settled; confidential |
| Sarasota Sands | 8:03-cv-02223 | Settled; confidential |
| Sandcastle Hotel Inc. | 8:03-cv-02268 | Settled; confidential |
| Friendly's Restaurant | 8:04-cv-02620 | Dismissed with prejudice |
| | | |
| **Pennsylvania** | | |
| Philadelphia Parking | 2:98-cv-03658 | Settled; did not receive settlement money |
| | | |
| **New Jersey** | | |
| Brinker International, Inc. | 1:07-cv-00265 | Settled; confidential |
| Pizza Hut, Inc. | 1:01-cv-00273 | Settled; confidential |
| TGI Friday's | 1:00-cv-00823 | Settled; confidential |
| Bell Atlantic Mobile | 1:00-cv-00969 | Settled; confidential |

| | | |
|---|---|---|
| P.F. Chang's China Bistro | 1:02-cv-01789 | Settled; confidential |
| McDonald's Corp. | 1:02-cv-02367 | Settled; confidential |
| Sacca's Bar | 1:99-cv-02400 | Settled; confidential |
| Darden Restaurants, Inc. | 1:04-cv-02632 | Settled; $7,500.00 |
| NJ Div. of Motor Vehicles | 1:04-cv-02634 | Settled; $10,000.00 |
| Home-Aid Remodeling | 1:99-cv-03040 | Settled; confidential |
| Wendy's Old Fashion, et al | 1:03-cv-03565 | Settled; confidential |
| Rockaway Bedding et al | 1:99-cv-03653 | Settled; $1,750.00 |
| The Lobster House | 1:06-cv-03712 | Settled; confidential |
| Margate City | 1:02-cv-03853 | Settled; confidential; $15,000.00 |
| Wawa Wawa, Inc. | 1:02-cv-04526 | Settled; $15,000.00 |
| Ventnor City | 1:02-cv-04527 | Settled; confidential; $15,000.00 |
| Brigantine City | 1:05-cv-04884 | Settled; $15,000.00 |
| Amerada Hess Corp. | 1:02-cv-05166 | Settled; confidential |
| Taylor; Friendlys | 1:02-cv-05237 | Settled; confidential |
| Carson Hills | 1:07-cv-05358 | Settled; confidential |
| Nichols | 1:99-cv-02674 | Settled; $1,000.00 |
| North Wildwood City | 1:10-cv-06587 | Active |
| Bay Village | 1:10-cv-04800 | Active |

## CERTIFICATION

I hereby certify that the foregoing Answers to Interrogatories made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I hereby certify that the copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said doctors or such experts, either written or oral, are unknown to us, and if such become later available or known, our attorney shall serve them promptly on the propounding party.


Karl Loose

DATED:
    7-22-11

EXHIBIT  E

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KARL LOOSE;                              : CASE NO. 1:10-CV-06587-JBS-KMW
THOMAS HAMILL;                           :
GREGORY LASKY;                           :
ADVOCATES FOR DISABLED                   :        Civil Action
AMERICANS (AFDA);                        :
                                         :
      Plaintiffs,          :
    vs.                         :
                                         :
NORTH WILDWOOD CITY;                     : **PLAINTIFF GREGORY LASKY'S**
JOHN DOE(S), fictitious names of         : **ANSWERS TO DEFENDANT'S**
Defendants A thru Z,                     : **INTERROGATORIES**
                                         :
      Defendant(s).        :

1.  Gregory Lasky, 3350 East Greenview Terrace, Margate, Broward County, Florida.

2.  Driving to Cape May since 2008 and have driven through North Wildwood. I do not
    remember the dates. On October 9, 2010, December 5, 2010, and April 15, 2011 I
    wanted to use the services of the Defendant but was unable to do so because of
    Defendant's lack of access.

    1. October 9, 2010    Albena Shutenko, 1 Rose Avenue, Maple Shade, NJ
    2. Dec. 5, 2010       None.
    3. April 15, 2011     None.

    On April 15, 2011 I attempted to use the Defendant's municipal hall but was unable to
    do so because the lack of parking for the disabled. On three occasions I went but was
    unable to utilize the beach due to lack of accessible routes to the beach next to JFK Blvd.
    The bathrooms at JFK Blvd. and New Jersey Avenue are not accessible.
    Was unable to use the streets, curb cuts, and sidewalks at JFK Blvd., Surf, Atlantic, and
    Central Avenues which are dangerous because of the lack of curb cuts, sidewalks, and
    streets. The curb cuts are too steep with cross slopes and no level landings.

3.  I called on October 9 and December 5, 2010; I did not receive a telephone call back. On
    April 15, 2011 I talked to a police officer who apologized but offered no solutions.

4.  To enjoy the Defendant's services. I also intend to be a tester to ensure Defendant's
    services are accessible. The AFDA does not do business. However, I am serving as a
    tester for the AFDA and myself.

5.  July 16, 2011, will want to use the curb cuts, streets, parking, sidewalks, beaches, and bathrooms. Will return in the future and intend to use the above and township hall when in New Jersey and as a tester in North Wildwood.

6.  Will return July 2012.

7.  See answer to question 2.

8.  No accessible bathrooms, the curb cuts have acute slopes, cross slopes, no level landings, sidewalks on cross slopes. No routes to beach because of sand. No access to township hall because of the lack of parking for the disabled.

9.  Yes, I called the Defendant. In addition, my lawyer offered to show the Defendant its ADA violations but this was rejected by Attorney Eric Harrison.

10. No, there is no access to the Beach Patrol, there is no signage and beach chairs are not usable because of my disability.

11. None.

12. None.

13. See answer to question 5.

14. Angry the Defendant violates the access laws.

15. Objection, I have not been treated for the incident.

16. Objection, calls for a legal conclusion; in addition I do not have access to said records.

17. Objection, calls for a legal conclusion.

18. Bathrooms of Defendant should be accessible; the services and access to and from the beach; there should be proper curb cuts, streets, and sidewalks on all streets, especially on newly constructed ones.

19. Objection, calls for a legal conclusion.

20. Saw a police officer who had no solutions but did apologize. As answered previously, my calls were unanswered and Attorney Harrison declined to be shown Defendant's violations.

21. Previously asked and answered.

2

22.    Attorney Eric Harrison has denied improper curb cuts, streets, sidewalks, and access to the beach and he was given the opportunity to be shown said violations but declined to do so.
       Albena Shutenko, was at my October 9, 2010 visit.
       William B. Cody, expert.

23.    None, will be supplied when in receipt.

24.    Objection, Defendant has asked more than 25 questions, including subparts.

25.    Objection, Defendant has asked more than 25 questions, including subparts.

## **CERTIFICATION**

I hereby certify that the foregoing answers to interrogatories made by me are true. I am aware that if any of the foregoing statements made by are willfully false, I am subject to punishment.

GREGORY LASKY

DATED: _7 -)-4 -) i_

*Law Offices*
*of*
## ANTHONY J. BRADY, JR.
*Attorney at Law*
1 Rose Avenue
P O Box 129
Maple Shade, New Jersey 08052
Tel: (856) 662-5234
Email: ladbrady@gmail.com

Member of NJ, PA, SC & FL Bars

VIA Email & U.S. MAIL

July 22, 2011

Eric L. Harrison, Esquire
METHFESSEL & WERBEL
P O Box 3012
Edison, NJ  08818

RE:   Karl Loose; Thomas Hamill; Gregory Lasky; Advocates For Disabled
       Americans (AFDA) v. North Wildwood City, et al.
       Case No. 1:10-cv-06587-JBS-KMW

Dear Mr. Harrison:

Please find enclosed Plaintiff Thomas Hamill's answers to Defendant's interrogatories
that have also been emailed to you today.  Responses to interrogatories were actually
answered last and we are waiting for Mr. Hamill's signature page.  We will have to
amend the answers in that there was an incident with Mr. Hamill last week at Defendant's
facilities.

I thank you for your kind attention.

Very truly yours,

Anthony J. Brady Jr.
AJB/fel
Enclosure

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARL LOOSE;<br>THOMAS HAMILL;<br>GREGORY LASKY;<br>ADVOCATES FOR DISABLED<br>AMERICANS (AFDA);<br><br>       Plaintiffs,<br>  vs.<br><br>NORTH WILDWOOD CITY;<br>JOHN DOE(S), fictitious names of<br>Defendants A thru Z,<br><br>       Defendant(s). | : CASE NO. 1:10-CV-06587-JBS-KMW<br>:<br>:<br>:<br>:    Civil Action<br>:<br>:<br>:<br>:<br>: **PLAINTIFF THOMAS HAMILL'S**<br>: **ANSWERS TO DEFENDANT'S**<br>: **INTERROGATORIES**<br>:<br>:<br>: |

1.  1702 Lincoln Drive, Voorhees, New Jersey, current address
    1667 Auburn Road, Swedesboro, NJ, January 1998 – November 2005
    Korman Suites, Clementon, NJ, September 1996 – January 1998
    Morgarts Beach Lane, Smithfield, VA, January 1995 – September 1996

2.  On December 14, 2010 I traveled to North Wildwood to enjoy the beach and boardwalk
    and checked out the streets for handcycling and checked on accessibility. I was excited
    to see that access had recently been built over the dunes to the beach and then
    disappointed to see that no accessible route connected the boardwalk and beach access. I
    also noticed that the newly constructed curb cuts at Surf Avenue, JFK Blvd, Atlantic,
    Central Avenues were too steep without level landings. Said curb cuts are not usable.
    Previously I have been at the town with my former wife in the early 2000s, Chaffin
    Parrish. Previously I have been there to visit my grandmother. I had intended to visit the
    boardwalk and have a meal; however, my car broke down. Another time was to pick up
    the van. Around 2004 I traveled to North Wildwood to look at properties. I did not look
    at the town at that time for access issues.

3.  None, however previously my attorney offered to show Mr. Harrison the curb cut and
    sidewalk construction violations. In addition, said offer was declined.

4.  It is my understanding that the AFDA does not do business. But I have conducted legal
    work for the AFDA and have acted as a tester.

5.  Yes, hopefully I will attend the meeting of the AFDA on July 16, 2011. Also, I intend to return to use the services of the beach and sidewalks and boardwalk when they are accessible. However, at this stage any attempt to use same would be futile. I am most interested in handcycling. I also intend to return as a tester. I will be returning in October of each year.

6.  I am told the docket numbers are: **Federal Court**: Thomas Hamill v. General Cinema, Case No. 1:1997-cv-04599; Thomas Hamill v. Camden County Case No. 03-CV-5853 (FLW); **State Court**: Thomas Hamill v. New Jersey Division of Motor Vehicles, et al., Docket No. SLM-L-118-04; Thomas Hamill v. Don Pablo's Restaurant, Deptford Township Planning Board, Docket No. GLO-2375-98.

7.  See answer to question number 2.

8.  On Surf, JFK Blvd., Atlantic, Central avenues it appears the curb cuts and sidewalks are not usable.

9.  No., however, my attorney attempted to show Defendant's counsel the ADA violations which was declined.

10. No.

11. None.

12. Yes.

13. I want to use the services of the Defendant in regard to access to the beach, curb cuts and sidewalks. I want to use the services and want to ensure Defendant's compliance.

14. I am mad that the Defendant still violates the ADA.

15. None.

16. Objection. Calls for a legal conclusion. Requested documents are or should be in the possession of Defendant.

17. Objection. Calls for a legal conclusion. Requested documents are or should be in the possession of Defendant.

18. The access to and from the beach. I want accessible curb cuts and sidewalks.

19. Objection. Calls for a legal conclusion.

20. My attorney attempted to show Defendant's attorney, Mr. Harrison, its ADA violations. This was rejected.

21.     In addition I want to use the curb cuts and sidewalks but such an effort would have been dangerous.

22.     Eric Harrison, attorney for Defendant, declined to be shown Defendant's ADA violations.

23.     None, however it is my understanding that Mr. Cody, my expert, will supply photographs.

24.     None, except my attorney had conversations with Defendant's Attorney Eric Harrison who declined to review the ADA violations.

25.     None.

EXHIBIT  F



METHFESSEL & WERBEL
A Professional Corporation

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
EDWARD L. THORNTON*>
FREDRIC PAUL GALLIN*+^
STEPHEN R. KATZMAN#
WILLIAM S.BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>

Of Counsel
JOHN METHFESSEL, SR.>
DONALD L. CROWLEY*+

Counsel
LORI BROWN STERNBACK*+
MARC DEMBLING*+
PAUL J. ENDLER JR.>
GERALD KAPLAN+
JARED P. KINGSLEY*+
STEVEN A. KLUXEN^
JOHN R. KNODEL`*
CHARLES T. MCCOOK, JR.`>
MARTIN R. MCGOWAN, JR.>

Associates
EDWARD D DEMBLING>
MICHAEL R. EATROFF>
TIMOTHY J. FONSECA+
MAURICE  JEFFERSON>
FRANK J. KEENAN+^
JENNIFER M. HERRMANN^=
JASON JUDOVIN+
RAINA M. JOHNSON^
MARISSA KEDDIS+
LESLIE A. KOCH+
ALLISON M. KOENKE>
VIVIAN LEKKAS+
DANIELLE M. LOZITO+
RICHARD A. NELKE~
CAROLINE  PYRZ^
MATTHEW L. RACHMIEL>
WILLIAM J. RADA+
AMANDA J. SAWYER^
JOEL S. SILBERMAN+
GINA M. STANZIALE>
ADAM S. WEISS<

* Certified by the Supreme Court of
   New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
~Member of NY, NJ & DC Bar
=Member of FL Bar

**Please reply to New Jersey**

July 21, 2011

<u>VIA FAX: (856) 438-5492 AND EMAIL: ladbrady@gmail.com</u>
Anthony J. Brady, Jr., Esq.
PO Box 129
1 Rose Avenue
Maple Shade, NJ 08052

RE:   **LOOSE, KARL VS. NORTH WILDWOOD CITY, ET AL.**
      Our File No.   :  71689A ELH
      Docket No.     :  1:10-CV-06587-JBS-KMW

Dear Mr. Brady:

On April 14, 2011 defendant sent plaintiffs its first set of discovery requests which included interrogatories and document demands (enclosed).  Recently, defendant received the enclosed answers to these discovery requests which were largely unresponsive and deficient.

Please accept the following correspondence as defendant's request that plaintiff AFDA provide more specific answers to defendant's initial discovery demands.  Should we not receive the requested information below within 10 days, defendant will seek Court intervention.

### <u>DEFICIENCIES IN PLAINTIFF AFDA'S RESPONSES TO DOCUMENT DEMANDS</u>

**1.    *Please provide all documents demonstrating the formation and registration of the AFDA and all documents demonstrating its current registration status in all States in which it is registered.***

Plaintiff AFDA responded to this document demand without enclosing the requested information.  Instead, AFDA has provided an uncertified Certificate of Incorporation with blank spaces – e.g. no indication of the registered office of the corporation and largely blank provisions void of identifying information.

Please correct this largely unresponsive answer.

Methfessel & Werbel, Esqs.
Our File No. 71689A ELH
Page 2

**2.     Please provide all minutes of each AFDA meeting since its inception.**

AFDA objects to the relevant information requested in this document demand, citing that "minutes of AFDA meetings immaterial since 2005." Additionally, the AFDA indicates that it "will respond to more narrowly tailored questions for time periods relevant to this matter."  If the meeting minutes from 2005 through the present are voluminous we will be happy to reimburse you for duplication costs.   However, your assertion of lack of materiality is unfounded.

As the AFDA is a party to this matter which purports to represent the rights of the disabled, its corporate status and operations are relvant areas of legitimate discovery.  Particularly noteworthy in the uncertified COA is the indication that the organization shall have no members; yet your clients have previously certified to their "membership" in this organization.

Please correct this largely unresponsive answer.

**3.     Please provide all documents filed with the federal government and all state government on behalf of the AFDA since its inception.**

AFDA refers only to the documents supplied in its response to defendant's document demand number one (1).  While it is unclear which member or representative of the AFDA supplied the responses to these document demands, based on plaintiffs' answers to our supplemental interrogatory requests, the City believes that more documents should be supplied in response to this demand.

Specifically, in response to supplemental interrogatory number 17, plaintiff lists what purport to be outreach and/or volunteer work on behalf of the ADFA.  Several of theses activities involved participation in/with state and federal government activities, including and especially any lobbying activities.

To the extent that additional documents respond to defendant's initial request in document demand number three (3), please provide said documents and amend plaintiff's disclosures pursuant to FRCP 26. Should no additional documents exist to complete AFDA's response, defendant demands Certification by an authorized representative of the AFDA that no such documents exist.

Methfessel & Werbel, Esqs.
Our File No. 71689A ELH
Page 3

Please correct this largely unresponsive answer.


**7.      Provide all non-privileged e-mails between members of the AFDA concerning the (a) defendant and (b) any previous municipality the AFDA has sued for access related issues.**

AFDA objects to this document demand by stating "Immaterial and said information is not relevant in that all suits against other municipalities not material."  Subpart (a) demanded copies of emails relating to this lawsuit and subpart (b) demanded copies of emails relating to other municipalities.  AFDA has responded to neither.   Both are relevant to the issue of AFDA's legitimacy as an organization and its standing to sue in this case.

Please correct this largely unresponsive answer.

**8.      Please provide all tax returns for the AFDA since the date of its formation.**

AFDA objects to this document demand by stating that tax records are privileged and irrelevant to the within matter.  I disagree.

As indicated in e-mail correspondence between yourself and the undersigned on July 7, 2011, the defendant is requesting tax returns of the AFDA to determine if, in fact, it is a properly functioning organization which complies with the laws and regulations necessary for it to invoke associational or representative standing on behalf of its members.

Please correct this largely unresponsive answer.

**9.      Please provide all correspondence sent to members of the AFDA related to AFDA business – e.g. meeting dates and locations, etc. – since the date of its formation.**

AFDA objects of this interrogatory stating that the request is "not material and in that standing is established at the time of the filing of the Complaint."   AFDA goes on to state that "said records may not be available due to the death of a member of the AFDA."

Your legal contentions regarding legal standing are irrelevant to the legitimacy of this demand, which seeks documentation of the operations of AFDA.  If they requested records are not available then an authorized

Methfessel & Werbel, Esqs.
Our File No. 71689A ELH
Page 4

representative of the AFDA must certify as much.  If they are available, they should be provided.

Please correct this largely unresponsive answer.

**10.   Please provide all expert reports obtained by the AFDA in support of each litigation listed in defendant's answers to interrogatories 3 and 4.**

AFDA objects to this request as "not material and too burdensome." However, AFDA does not provide the number of expert reports at issue and its efforts to locate said reports, nor does it list the matter name and/or docket number associated with the litigation.

Of course the content of reports commissioned for prior litigation is relevant, as the positions taken in prior litigation may be inconsistent with those taken in this case.  Please provide the factual basis for your claim that complying with this demand would be "too burdensome."

Please correct this largely unresponsive answer.

**12.   Please provide the business addresses and e-mail addresses for all satellite locations of the AFDA and all states of operation.**

While AFDA states that "there are no satellite locations of the AFDA", this statement is contradictory to the testimony of its current vice president, Edward Law, in the matter of <u>Law v. City of North Wildwood</u>, 1:09-CV-04178-JHR-KMH.

When deposed by City counsel regarding this lawsuit, Mr. Law indicated that he conducted business on behalf of the AFDA in the State of Florida. He also indicated that the AFDA conducts business "wherever" he is.  As counsel for Mr. Law in this matter, you are aware of this testimony.

Mr. Law also indicates that unidentified persons may have called Florida to discuss access related issues with him in his capacity as "Chapter head for New Jersey" (AFDA).   As such, all e-mail correspondence received by Mr. Law, or any member of the AFDA, is relevant to this suit, particularly as it pertains to the City of North Wildwood.

Additionally, the AFDA has listed plaintiff Karl Loose's home address in New Jersey as its principal place of business, prompting defendant's inquiry into additional business addresses and/or satellite locations at which AFDA business is conducted outside of the State of New Jersey.

Methfessel & Werbel, Esqs.
Our File No. 71689A ELH
Page 5


Please correct this largely unresponsive answer.

* * * * *

### <u>DEFICIENCIES IN PLAINTIFF AFDA'S RESPONSES TO DEFENDANT'S INTERROGATORIES</u>

**1.      Provide the chronological history of the formation of Advocates for Disabled Americans, identifying by name, address and length of membership of every individual affiliated with this organization from the date of its formation through the present time.**

Again, AFDA has attempted to avoid answering discovery that is both relevant and significant to this litigation by accusing defendant of retaliation and intimidation.  Identification of the members of the AFDA is both relevant and at issue to plaintiffs' organizational standing in this matter.

As a non-profit organization that purports to represent the rights of the disabled, identification of membership is critical to the stated mission of the AFDA.  Additionally, the AFDA is a non-profit organization and the withholding of membership appears to be in direct contradiction to its stated missions and goals.

Please correct this largely unresponsive answer.

**2.      Paragraph 5 of the Complaint describes AFDA as a civil rights organization and its goal, in part, is to enforce the rights of the disabled.  "What are the other goals of the AFDA?"**

In response to this interrogatory, AFDA states that the AFDA also seeks to "protect the rights of the disabled", as well as "to help the disabled with problems from their disabilities."  In furtherance to these stated goals, defendants request that plaintiff provide all documentation on which these goals appear—including, but not limited to, flyers, websites, bylaw amendments, seminars and/or conference, brochures or literature, etc…

Please correct this largely unresponsive answer.

**3.      Please provide in chronological order the names and docket number of every lawsuit or administrative complaint to which**

Methfessel & Werbel, Esqs.
Our File No. 71689A ELH
Page 6

**AFDA has been a party from the inception of AFDA through the present time.  With respect to each lawsuit or Complaint listed, describe in detail the outcome of the lawsuit including the times of any settlement reached and/or judgment entered.  Your description should include all monetary amounts paid to AFDA, any other plaintiff involved in the case and all equitable relief awarded or provided voluntarily by the defendant.**

AFDA objects to this interrogatory and responds that such request is immaterial since "plaintiff is not seeking actual damages."  AFDA also states that "such information is in the public domain."

These are not legitimate responses.  It is not the defendant's job to search the "public domain" for relevant information about a party which has filed suit against it.  Nor is the asserted absence of an intent to seek damages in this case sufficient to avoid providing the information requested.

Please correct this largely unresponsive answer by providing the information requested, including all terms of any non-confidential settlement reached.

**4.     Please provide the name and address of every individual who has ever filed a lawsuit or administrative Complaint in the United States as a co-plaintiff or a co-complainant of AFDA.  With respect to each such lawsuit or Complaint, describe the venue in which it was filed, the docket number and the outcome, including the terms of settlement reached and/or judgment entered.**

Defendant refers AFDA to the above, renewed request (deficiency description for interrogatory number 3).  Again, the AFDA's litigation history, especially if involving the within co-plaintiffs of this matter, is relevant.

While AFDA states that said information is in public domain, this does not alleviate its responsibility to provide the information requested to defendant, especially the terms of settlement and monies received by the AFDA.

Please correct this largely unresponsive answer.

**5.     Describe in detail the injunctive relief sought by AFDA in this lawsuit, describing each municipal building facility or service in**

Methfessel & Werbel, Esqs.
Our File No. 71689A ELH
Page 7

*question and the precise injunctive relief sought with respect to
each such building facility or service.*

In response to this interrogatory, AFDA states that it seeks to "ensure
defendant creates access to its bathrooms, beaches, routes, curb cuts
and sidewalks", without identifying which bathrooms, beaches, routes,
curb cuts and/or sidewalks.  Please provide a more specific answer so
that the defendant may be made aware of why it is being sued.

Please correct this largely unresponsive answer.


**6.     Describe the factual and legal basis for plaintiff AFDA's
claim for damages.**

In response to this interrogatory, plaintiff AFDA objects and states that it
is only "seeking $1.00 in nominal damages."  The Complaint does not
contain such a limitation.  If AFDA files with the Court a statement that
its demand for damages is limited to one dollar then we will withdraw
this question.  If not, please provide a response.


**7.     Have any of your members requested assistance from a City
employer any other representative of the City of North Wildwood in
obtaining access to any of the services to which organization
claims lack of access or impaired access?  If so, please provide a
description of each request and the outcome of the request.  If not
please explain why not.**

AFDA responds to this interrogatory by describing unnamed persons
from whom it claims members of its organization have requested
assistance.  Defendant's interrogatory request asked for a description of
the request made by any member of the AFDA to a City representative.

Please correct this largely unresponsive answer.

**<u>8.     Defendant withdraws supplemental interrogatory number 8.</u>**


**11.    If you or your representative and the defendant have had any
oral communications concerning the subject matter of this lawsuit,
state:**

   **a.     The date of the communication;**

Methfessel & Werbel, Esqs.
Our File No. 71689A ELH
Page 8

      **b.**     ***The name and address of each participant;***
      **c.**     ***The name and address of each person present at the time of such conversation;***
      **d.**     ***Where such communication took place; and***
      **e.**     ***A summary of what was said by each party participating in the communication.***

AFDA's response does not provide the information requested by defendant's interrogatory, namely the name of the persons with whom the AFDA alleged it or its membership communicated in regard to the subject matter of this lawsuit.

Defendant demands that plaintiff Lasky provide the name of the police officer to whom he spoke with regarding the subject matter of this lawsuit, the location of the conversation and _specifically_ what the conversation entailed.

**14.   *Have you ever retained inactive status as a corporation?  If so, please provide date status became effective, efforts of membership to reinstate and reinstatement date.***

In response to defendant's document demand number six (6), AFDA stated that the AFDA has no income flow; yet in response to supplemental interrogatory number 14, AFDA responds that "organization paid the filing fee."

Defendant again renews its request for all budget information regarding the AFDA in this matter, including but not limited to who paid the reinstatement fee if the AFDA has no income flow.

Please correct this largely unresponsive answer.

**15.   *Please provide the dates and times of all past and future AFDA meetings in defendant City.  For each meeting date, please provide the facility name and address, as well as the date it was decided by the AFDA to conduct meeting at said facility.***

Although AFDA provides the date and location of a purported AFDA meeting, it fails to provide when it was decided by the AFDA to conduct this meeting at said facility and whether the July 16, 2011 meeting was the only meeting of AFDA's business within defendant City.

Please correct this largely unresponsive answer.

Methfessel & Werbel, Esqs.
Our File No. 71689A ELH
Page 9

**17.   State all outreach and/or volunteer work the AFDA has engaged in since the date of its formation.   Please provide the corresponding date, participating members, nature of activity and location of activity.**

AFDA has again failed to provide the corresponding dates and locations of the outreach and volunteer work described in its response.  AFDA also has failed to provide the names and organizations receiving the assistance of its organization, which deliberately interferes with the defendant's ability to investigate the suggestions in the response.

Please correct this largely unresponsive answer.

**18.   State all officer positions – i.e. president, vice president treasurer, etc. – held by members of the AFDA since the date of its formation.**

Again, for the reasons discussed at length above, defendant is entitled to the corporate structure information requested of AFDA.  Please correct this largely unresponsive answer to provide the requested information, which is provided for in the AFDA's enclosed Bylaws.

* * * * *

Plaintiff AFDA has had more than three months to complete the enclosed discovery responses.   Additionally, defendant still has not received individual discovery responses from plaintiffs Loose and Hamill.  As a continued courtesy, defendant will provide all plaintiffs with 10 days from the date of this letter to provide the City with responses (that are now several weeks overdue) prior to seeking intervention from the Court.

Defendant will address Mr. Lasky's responses to its initial requests under separate cover.

Very truly yours,
**METHFESSEL & WERBEL, ESQS.**

Eric L. Harrison
harrison@methwerb.com
Ext. 138

ELH:sbo/at
Encs.:     Discovery & Bylaws

EXHIBIT  G

*Law Offices*
*of*
**ANTHONY J. BRADY, JR.**
*Attorney at Law*
1 Rose Avenue
P O Box 129
Maple Shade, New Jersey 08052
Tel: (856) 662-5234
Email: ladbrady@gmail.com

**Member of NJ, PA, SC & FL Bars**

VIA EMAIL & U.S. MAIL

January 31, 2011

Eric L. Harrison, Esquire
METHFESSEL & WERBEL
P O Box 3012
Edison, NJ  08818

RE:   Karl Loose; Thomas Hamill; Gregory Lasky; Advocates For
      Disabled Americans (AFDA) v. North Wildwood City, et al.
      Case No. 1:10-cv-06587-JBS-KMW

Dear Eric:

The AFDA will be having a meeting in July 2011 in North Wildwood.
You and your clients will be invited to attend and discuss your thoughts in
regard to the lawsuit.

In the meanwhile, the AFDA's position is that all new construction aspects
of the town shall be made accessible.

In that it would be impossible to correct same by July 2011, the AFDA
members will give notice of a temporary step for access.

I thank you for your kind attention.

Very truly yours,

Anthony J. Brady Jr.
AJB/fel

# EXHIBIT  H

*Law Offices*
*of*
**ANTHONY J. BRADY, JR.**
*Attorney at Law*
1 Rose Avenue
P O Box 129
Maple Shade, New Jersey 08052
Tel: (856) 662-5234
Email: ladbrady@gmail.com

Member of NJ, PA, SC & FL Bars

VIA EMAIL & U.S. MAIL

August 4, 2011

Eric L. Harrison, Esquire
METHFESSEL & WERBEL
P O Box 3012
Edison, NJ 08818

RE:    Karl Loose; Thomas Hamill; Gregory Lasky; Advocates For
       Disabled Americans (AFDA) v. North Wildwood City, et al.
       Case No. 1:10-cv-06587-JBS-KMW
       Your File No. 71689A ELH

Dear Eric:

Please find enclosed to amend Plaintiffs' answers to Defendant's interrogatories and
production of documents photographs 1 through 14 taken at the AFDA's meeting at the
Flip Flopz Restaurant on Saturday, July 16, 2011.

I thank you for your kind attention.

Very truly yours,

Anthony J. Brady Jr.
Enclosures

NORTH WILDWOOD AFDA MEETING – JULY 16, 2011 – FLIP FLOPZ RESTAURANT


1


2


3


4


5


6



13


14

EXHIBIT  I

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KARL LOOSE;  : CASE NO. 1:10-CV-06587-JBS-KMW
THOMAS HAMILL;  :
GREGORY LASKY;  :
ADVOCATES FOR DISABLED  :  Civil Action
AMERICANS (AFDA);  :
  :
  Plaintiffs,  :
  vs.  :
  :
NORTH WILDWOOD CITY;  : **DISMISSAL WITH PREJUDICE**
JOHN DOE(S), fictitious names of  : **AS TO ADVOCATES FOR DISABLED**
Defendants A thru Z,  : **AMERICANS (AFDA) ONLY**
  :
  Defendant(s).  :

Please dismiss the above with prejudice in regard to Plaintiff Advocates For

Disabled Americans (AFDA) only.


Dated: October 17, 2011



BY: s/Anthony J. Brady, Jr.          BY:    s/Eric L. Harrison
ANTHONY J. BRADY, JR., ESQUIRE       ERIC L. HARRISON, ESQUIRE
1 Rose Avenue                        METHFESSEL & WERBEL, P.C.
Maple Shade, New Jersey 08052        3 Ethel Road
(856) 662-5234                       P O Box 3012
Attorney for Plaintiffs              Edison, New Jersey 08818
                                     (732) 248-4200
                                     Attorney for Defendant


The claims of Plaintiff Advocates For Disabled Americans (AFDA) be

and are hereby DISMISSED WITH PREJUDICE


Oct. 24, 2011          Jerome B. Simandle
                       HONORABLE JEROME B. SIMANDLE, U.S.D.J.

EXHIBIT  J

METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Maple Shade Township
Our File No. 67762 ELH

FILED WITH THE COURT

DEC 07 2009

Chambers of
Marc M. Baldwin, J.S.C.

| CARMENA STONEY AND LINDA VANDEUSEN | SUPERIOR COURT OF NEW JERSEY |
|---|---|
| Plaintiffs, | LAW DIVISION:BURLINGTON COUNTY DOCKET NO.: BUR-L-2884-07 |
| V. | |
| MAPLE SHADE TOWNSHIP | Civil Action |
| Defendant. | **ORDER DISMISSING THE COMPLAINT OF PLAINTIFF CARMENA STONEY** |

**THIS MATTER** having been brought before the Court on the Motion of Methfessel & Werbel attorneys for defendants, Maple Shade Township for an Order dismissing plaintiff Stoney's Complaint for failure to appear for depositions, and the Court having considered the matter and for good cause shown;

**IT IS** on this 7th day of Dec 2009;

**ORDERED** that the plaintiff Carmena Stoney's Complaint be and is hereby dismissed without prejudice for failure to appear for scheduled depositions; and it is further

**ORDERED** that a copy of this Order be served on all counsel within 10 days of the date hereof.

_Marc M. Baldwin_
MARC M. BALDWIN, J.S.C.

( ) Opposed
( ) Unopposed

METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Maple Shade Township
Our File No. 67762 ELH



| | |
|---|---|
| CARMENA STONEY AND LINDA VANDEUSEN<br><br>          Plaintiffs,<br><br>V.<br><br>MAPLE SHADE TOWNSHIP<br><br>          Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:BURLINGTON COUNTY<br>DOCKET NO.: BUR-L-2884-07<br><br>Civil Action<br><br>**ORDER ENTERING JUDGMENT** |

**THIS MATTER** having been tried before a jury on June 21, 22 and 23, and the jury having awarded $0.00 in damages, and plaintiff subsequently having filed a motion for equitable relief, as well as a motion seeking $1.00 in damages, and the Court having entertained oral argument on October 1, 2010 and having placed its reasoning on the record,

**IT IS** on this *18* day of ___*Oct*___, 2010;

**ORDERED** that:

1.    With regard to plaintiff's claims for damages, judgment be and is hereby entered in favor of the defendants.

2.     With regard to plaintiff's demands for equitable relief, the Court hereby orders as follows:

(i)     In at least one male bathroom and at least one female bathroom within the municipal building, Maple Shade shall remove the toilet grab bars that were installed following the conclusion of the jury trial and adjust the resistance of the bathroom doors to be less than 5 pounds.

(ii)     With respect to Steinhauser Park, Maple Shade Township shall either add a disabled-accessible picnic table along with a pathway to provide access to the disabled or, in the alternative, remove all picnic tables from the park.

3.     Plaintiff's motion for an award of nominal damages in the amount of $1.00 be and is hereby DENIED.

4.     Plaintiff's counsel may file a motion for an award of counsel fees and costs, to which defendant may respond within the time permitted by Court Rules.

**IT IS FURTHER ORDERED** that a copy of this order be served on all counsel within five days of its receipt.

_____
Honorable Charles A. Little, J.S.C.

( ) Opposed
( ) Unopposed

*Law Offices*
*of*
**ANTHONY J. BRADY, JR.**
*Attorney at Law*
1 Rose Avenue
P O Box 129
Maple Shade, New Jersey 08052
Tel: (856) 662-5234
Email: ladbrady@gmail.com

**Member of NJ, PA, SC & FL Bars**

VIA EMAIL ONLY

November 18, 2010

Eric L. Harrison, Esquire
Methfessel & Werbel, P.C.
P O Box 3012
Edison, NJ 08818

RE:     Interest of Carmena Stoney and Gregory Lasky v. Maple Shade

Dear Eric:

Previously the above individuals offered to enter into a dialogue prior to litigation.
Maple Shade has agreed to enter into such a dialogue. Prior to meeting, my clients will
share the following request.

First, as the Vandeusen trial indicated, Maple Shade has never prepared a proper
transition plan as mandated by the United States Department of Justice. My clients will
insist that Maple Shade enact a proper self-evaluation and transition plan, taking into
account Mr. Cody's report in the Vandeusen matter. The plan for curb cuts shall not
exceed ten years.

My clients also request particular attention to the curb cuts located in downtown Main
Street. They should be reconstructed within three years. In regard to Township Parks
changes shall be made at a rate of one per year, which will require proper parking for the
disabled, accessible routes and bathrooms if provided for the general public.

Damages - $2,500.00 each to Ms. Stoney and Mr. Lasky. The undersigned will waive
any attorney fee if your firm does the same.

ADA Consultant. Defendant will have its ADA consultant take formal training in the
ADA such as courses found at the National Association of ADA Coordinators which will
have another conference in Miami, Florida in April 2011 and next Fall on the West
Coast.

While drafting the transition plan Maple Shade will invite the public including the AFDA to give public comment.

In that the MEL clients have drafted deficient ADA transition plans I attach a copy of a proper ADA transition plan from the San Francisco Unified School District.  I also attach a copy of the settlement agreement between the United States of America and City of Omaha, Nebraska, which discusses curb cuts and sidewalks.

We can meet when Mr. Lasky is in New Jersey in early December 2010 with the township manager and mayor.

I thank you for your kind attention.

Very truly yours,

Anthony J. Brady Jr.
AJB/fel
Enclosure

2

EXHIBIT  K

METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Borough of Hightstown
Our File No. 70652 ELH

A True Copy

*Sue Regan*

SUE REGAN
Deputy Clerk of Superior Court

SUPERIOR COURT OF N.J.
MERCER COUNTY
RECEIVED AND FILED

APR 01 2011

*Sue Regan*

SUE REGAN
DEPUTY CLERK OF SUPERIOR COURT

|  |  |
|---|---|
| GREGORY LASKY<br><br>            Plaintiffs,<br><br>V.<br><br>BOROUGH OF HIGHTSTOWN<br><br>            Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MERCER COUNTY<br>DOCKET NO.: MER-L-216-09<br><br>Civil Action<br><br>**ORDER GRANTING SUMMARY<br>JUDGMENT** |

**THIS MATTER** having been brought before the Court on the Motion of Methfessel & Werbel attorneys for defendants, Borough of Hightstown for an Order for Summary Judgment dismissing the plaintiff's Complaint, and the Court having considered the matter and for good cause shown;

**IT IS** on this *1st* day of *April* ;

**ORDERED** that Summary Judgment dismissing the plaintiff's Complaint be and is hereby granted in favor of the defendant, Borough of Hightstown; and it is further

**ORDERED** that a copy of this Order be served on all counsel within *7* days of the date hereof.

THE REASONS FOR THIS COURT'S
DECISION WERE PLACED ON THE
RECORD ON *4/1/11*

Hon. Darlene Pereksta, J.S.C.

*Law Offices*
*of*
**ANTHONY J. BRADY, JR.**
*Attorney at Law*
1 Rose Avenue
P O Box 129
Maple Shade, New Jersey 08052
Tel: (856) 662-5234
Email:  ladbrady@gmail.com

Member of NJ, PA, SC & FL Bars

VIA EMAIL & U.S. MAIL

April 6, 2011

Eric L. Harrison, Esquire                    Raina M. Johnson, Esquire
Methfessel & Werbel, P.C.                    Methfessel & Werbel, P.C.
P O Box 3012                                 P O Box 3012
Edison, NJ  08818                            Edison, NJ 08818

RE:    Gregory Lasky v. Borough of Hightstown
       Docket No. MER-L-216-09
       Your File No. 70652 ELH

Dear Counsel:

Please be advised that Mr. Lasky will soon travel to Hightstown to attend municipal
court, to enjoy Hightstown's downtown, and  to enjoy its parks including its dining areas.
Mr. Lasky will attend on Wednesday, April 13, 2011.

Would you kindly have your client ensure that the bathroom is accessible as well as the
parking, ensure the parking at the township hall is accessible.  Mr. Lasky would like an
assurance that the curb cuts and routes are accessible in the downtown area as well as the
dock and picnic table.

As you should be aware, by law the disabled cannot be lifted and his wheelchair cannot
be pushed.  In addition, Mr. Lasky will take a survey of racial profiling in the municipal
court.  He invites you and township representatives to attend.

This is a formal attempt to engage in an interactive process.

I thank you for your kind attention.

Very truly yours,

Albena Shutenko/Law Offices of Anthony J. Brady, Jr.
AS/fel

P.S.    Mr. Lasky would like to discuss the issues directly with your client(s).  Do you
        give permission?  In addition, you could move the municipal court to a building
        that is accessible such as the Superior Court located in Trenton.

2

**Hannah Peterson**

| | |
|---|---|
| **From:** | anthony brady [ladbrady@gmail.com] |
| **Sent:** | Friday, May 20, 2011 1:43 PM |
| **To:** | Eric Harrison |
| **Subject:** | Nick Pavlak |

Mr. Pavlak might be attending Hightstown's municipal court hearing on Wed. May 25, 2011 as well as will be using the streets, curbs and parks of the municipaity.

As you are aware, the services are not accessible however pursuant to your representations to Judge Pereksta Mr. Pavlak is requesting an interactive process to create accessibility; would you please do so; would you please inform the undersigned of what alternatives the municipality proposes.

Under the code of ethics I am restrained from contacting your client directly; however, do you give the undersigned and Mr. Pavlak consent to contact city representatives?

Obviously Mr. Pavlak is not waiving any rights that he may have but as you are aware newly constructed facilities must comply with applicable codes; however this email and notice is pursuant to your representations made to the Court.

Thank you
Tony

**Hannah Peterson**

| | |
|---|---|
| **From:** | Eric Harrison |
| **Sent:** | Tuesday, May 24, 2011 3:36 PM |
| **To:** | 'anthony brady' |

**Subject:** RE: Nick Pavlak visit to Hightstown

Tony, I understand that the Mayor did in fact respond to Mr. Lasky.  He stands ready to assist Mr. Pavlak as well.

I note that in your communications to me yesterday you shared that Mr. Pavlak weighs approximately 400 lbs.  This afternoon you emailed Fred Raffetto, Hightstown solicitor, to advise that Mr. Pavlak weighs 500 lbs.  At either weight, we cannot divine his personal needs unless and until he communicates them.

With regard to your request for legal authority to support our invitation for Mr. Pavlak to engage in a dialogue with Hightstown so that the Borough may learn his needs and attempt to accommodate them, I refer you to the oft-ignored Book of Common Sense.

Eric L. Harrison
Methfessel & Werbel, Esqs.
3 Ethel Road, Suite 300
P.O. Box 3012
Edison, NJ 08818
Direct: (732) 650-6511
Facsimile: (732) 248-2355
Cell: (732) 610-6881
harrison@methwerb.com

---

**From:** anthony brady [mailto:ladbrady@gmail.com]
**Sent:** Tuesday, May 24, 2011 10:36 AM
**To:** Eric Harrison
**Subject:** Re: Nick Pavlak visit to Hightstown

Mr. Pavlak will contact the defendant directly.
Mr. Pavlak is going to the court to determine whether there is evidence against the Hispanic community to see if there is discrimination.
Mr. Pavlak is Polish, Scotch-Irish and American and would not have standing to sue on behalf of Hispanics
IN the past the Mayor has not responded to Mr. Lasky so he has little expectation that he will respond to Mr. Pavlak.
Finlly please inform me of any case law or statutes that discuss interactive process and public accommodation in regard to discrimination of public accommodation in any federal or state of the union.
Tony

On Tue, May 24, 2011 at 6:26 AM, Eric Harrison <harrison@methwerb.com> wrote:
Dear Mr. Brady,

Thank you for your attached letter, which you e-mailed on May 23rd, inviting me to meet with your client on May 25th in Hightstown.  Unfortunately I am not available to meet with Mr. Pavlak on two days' notice. Even if I were available, I would not meet with an individual who is represented by counsel and clearly intends to visit my client for the sole purpose of suing it.

You seem not to have understood my statements regarding the "interactive process," which New Jersey and federal courts have defined as a dialogue not between attorneys, but between disabled individuals and owners/operators of places of public accommodation.

Because I have been receiving almost daily emails from your office regarding Mr. Pavlak's intended visits to various municipalities I represent, I suspect that you have been sending some letters and emails before receiving my responses to your prior communications.

In that regard, I refer you to my attached 5/21 response to your attached email of 5/20 and our prior letters of 5/9 and 5/10.

Eric L. Harrison
Methfessel & Werbel, Esqs.
3 Ethel Road, Suite 300
P.O. Box 3012
Edison, NJ 08818
Direct: (732) 650-6511
Facsimile: (732) 248-2355
Cell: (732) 610-6881
harrison@methwerb.com

*Law Offices*
*of*
**ANTHONY J. BRADY, JR.**
*Attorney at Law*
1 Rose Avenue
P O Box 129
Maple Shade, New Jersey 08052
Tel: (856) 662-5234
Email: ladbrady@gmail.com

Member of NJ, PA, SC & FL Bars

VIA EMAIL & U.S. MAIL

November 10, 2011

Frederick C. Raffetto, Esquire
Ansell Grimm & Aaron
1500 Lawrence Ave.
CN7807
Ocean, NJ  07712

RE:     Gregory Lasky v. Borough of Hightstown
        Docket No. MER-L-216-09 and Nicholas Pavlak
        Your File No.:  58682-6

Dear Mr. Raffetto:

I am in receipt of your letter dated November 8, 2011.  The park and curb cuts are not in compliance with the applicable ADAAG federal code and State ANSI code.  Therefore my clients are interested in whether your client will take the affirmative steps to have you or the contractors comply with federal and state law.  From your tone I presume that you will not be doing so.

I fully understand that under the pay to play culture there may be no room for optimism. In any event, I will have no alternative but to contact the United States Department of Justice to seek their guidance.

I thank you for your kind attention.

Very truly yours,

Anthony J. Brady, Jr.
AJB/fel