IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

KARL LOOSE, ET AL.,

                Plaintiffs,

    v.

NORTH WILDWOOD CITY & JOHN
DOES fictitious names of
Defendants A thru Z,

           Defendants.

Civil Action
No. 10-6587 (JBS/KMW)

**MEMORANDUM OPINION**

**SIMANDLE,** Chief Judge:

This matter is before the Court on Plaintiff Loose's motion to voluntarily withdraw his claims without prejudice, [Docket Item 22], and the remaining Plaintiffs' motion to amend the Complaint [Docket Item 23]. Defendant North Wildwood City opposes both motions. THE COURT FINDS AS FOLLOWS:

1. Plaintiffs are three disabled individuals who use wheelchairs and bring this action against Defendant North Wildwood City and John Doe defendants for violation of Plaintiffs' rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, the Rehabilitation Act of 1973, 29 U.S.C. §§ 791-794, and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1. They allege that certain sidewalks and curb cuts in North Wildwood City violate these laws. Compl. ¶¶ 7-9.

2. Plaintiff Loose seeks to dismiss without prejudice his

claims against Defendants. [Docket Item 22].  Rule 41(a)(2) of
the Federal Rules of Civil Procedure provides that a plaintiff
may voluntarily dismiss an action without prejudice after the
opposing party serves an answer "by court order, on terms that
the court considers proper."  This determination is discretionary
based on "the presence or extent of any prejudice to the
defendant."  See Ferguson v. Eakle, 492 F.2d 26, 29 (3d Cir.
1974); see also Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d
Cir. 1991) (explaining nature of inquiry).

    3.  Defendant does not advance a persuasive argument as to
how it will be prejudiced by dismissal without prejudice.
Defendant represents that it plans to seek dismissal of this
action for lack of standing based on evidence obtained during
discovery, and Defendant fears that Loose will be able to
"manufactur[e] standing" if his claims are permitted to be
withdrawn without prejudice.  Def.'s Br. 7.  It is not entirely
clear to the Court what it means for Loose to manufacture
standing, since Loose either was or was not injured by the
violations alleged in the present Complaint.  But if Loose is
subsequently able to sue on someone else's behalf for prior
injuries, or is able to sue on his own behalf based on future
injuries, that can hardly be said to prejudice Defendant as the
term is used in this context; dismissing the present action for
lack of standing has no effect on Loose's ability to do both of

those things.

4.   Defendant also contends that Plaintiffs' counsel's past conduct "strongly suggests that Mr. Loose or another client of Mr. Brady will file suit again or, alternately, demand payment of money to forego the filing of the lawsuit," and therefore Defendant will be prejudiced.  But the prospect of subsequent suit is inherent to every action dismissed without prejudice; on its own, it cannot logically form the basis of an argument that Defendant is harmed by the dismissal sufficient to deny it.  See In re Paoli R.R. Yard PCB Litigation, 916 F.2d 829, 863 (3d Cir. 1990)(noting that fear of a successive suit is not sufficient to show prejudice);  John Evans Sons, Inc. v. Majik-Ironers, Inc., 95 F.R.D. 186, 190 (E.D. Pa. 1982) (same).[1]

5.   Since there is no prejudice to Defendant by permitting Plaintiff Loose to withdraw his claims without prejudice, the Court will so order.

6.   The remaining Plaintiffs seek leave to amend the Complaint to add new allegations of related misconduct (new construction that similarly fails to comply with accessibility requirements), to withdraw their claim under the Law Against Discrimination, and to change the damages claim to a claim for

---

[1]   Defendant also contends that Plaintiff has not offered sufficient evidence of the illness that Loose contends requires his withdrawal.  Plaintiff's reasons for seeking withdrawal are irrelevant to prejudice.

nominal damages of $1.  To the extent the withdrawn claim is subject to Rule 41(a)(2), the Court will again examine whether its withdrawal would prejudice Defendant.  The other changes are amendments pursuant to Rule 15(a)(2), and the Court will freely grant such leave unless it finds that Defendant will experience "substantial or undue prejudice . . . truly undue or unexplained delay," or upon a showing of "repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment."  Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).

7.  As to the new allegations, Defendant does not contend that the allegations are not properly related to the Complaint under Rules 15 or 18 of the Federal Rules of Civil Procedure, or that this is somehow an effort to evade a statute of limitations. Instead, Defendant simply contends that it would be prejudiced because while Plaintiffs may have standing to raise the proposed additional claims, they lack standing for the existing claims. The allegedly defective nature of the existing claims is irrelevant to demonstrating prejudice resulting from the addition of claims.  Rule 15 explicitly states as much:  "The court may permit supplementation even though the original pleading is defective in stating a claim or defense."  Rule 15(d).  This amendment will therefore be permitted.

8.  It is not clear whether Plaintiffs seek leave to dismiss

4

the Law Against Discrimination claim without prejudice, since they seem to acknowledge that the claim is meritless.  The default action is to permit the claims to be withdrawn without prejudice,  Fed. R. Civ. P. 41(a), and Defendant makes no argument as to how it would be prejudiced by dismissal without prejudice of the Law Against Discrimination claim.  Plaintiffs will therefore be permitted to withdraw this Law Against Discrimination claim without prejudice.

   9.  Finally, as to nominal damages, in support of the proposition that amendment would be futile in the absence of allegations of intentional discrimination, Defendant cites to a single non-controlling opinion that does not directly address nominal damages.  See Ferguson v. City of Phoenix, 157 F.3d 668 (9th Cir. 1998) (discussing compensatory damages under Title II action).  While the Court is aware that several circuit courts have held that discrimination must be intentional in order to recover monetary damages under Title II of the ADA, the Third Circuit has not decided the matter.  Whether or not nominal damages are available to a Title II claimant who cannot prove intentional discrimination, Defendant's citation of a single non-controlling case is not a sufficient showing that the claim is so clearly futile as to warrant denial of Plaintiffs' opportunity to attempt to prosecute it.  This amendment will therefore be permitted.

10.   In sum, Plaintiff Loose will be permitted to withdraw his claims without prejudice, and the remaining Plaintiffs will be permitted to amend the Complaint to withdraw their Law Against Discrimination claim without prejudice, to reduce the monetary relief they seek to $1 of nominal damages, and to add supplemental allegations regarding related conduct.  The accompanying Order will be entered.


**February 14, 2012**                           **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                Chief U.S. District Judge